43 So.2d 676

DOBROWOLSKI v. DOBROWOLSKI et al.

No. 39045.

Dec. 9, 1949.

Jess Johnson, Durrett & Hardin, Baton Rouge, for plaintiff-appellant.

Richard Kilbourne, Clinton, for appellees.

MOISE, Justice.

The plaintiff, the surviving widow of Benjamin F. Dobrowolski, is appealing from a judgment of the district court sustaining an exception of no right or cause of action and dismissing her suit.

After the death of plaintiff's husband on April 27, 1942, she sought to be named administratrix of his succession, alleging the existence of privileged and ordinary debts and claiming to be a creditor of the estate. Her application was opposed by deceased's two brothers, Simon J. and A. J. Dobrowolski, and she agreed to withdraw it and thereupon Simon J. Dobrowolski was appointed administrator of her husband's succession on November 15, 1943, or more than a year after his death. An inventory was filed showing decedent's total estate to be valued at $7,643.78, consisting of personal property and real estate. The plaintiff then instituted this suit against Simon J. Dobrowolski, as administrator of her husband's estate to recover specific property alleged to belong to the community of acquets and gains which existed between her and her deceased husband, the alleged valuation thereof being fixed at $15,221.50. She

prayed to be sent and put in possession of one-half of the community estate in her own right and one-half as surviving spouse, and for recognition of the indebtedness owing by the community to her for cash advances made to the community during the marriage. Simon J. Dobrowolski was also made a party defendant individually, the plaintiff alleging that as administrator he had disposed of community assets as if they were his own property, and she prayed for judgment against him individually because of his alleged misappropriation of community assets.

Defendant Simon J. Dobrowolski filed an exception of vagueness (which was met by a supplemental and amended petition) and exceptions of no cause or right of action. The district court overruled the exceptions of no cause or right of action, and defendant filed his answer. After a trial on the merits, the district judge sustained the exceptions of no right or cause of action and dismissed the plaintiff's suit.

While the matter was pending, the first administrator, Simon J. Dobrowolski died, after an administration *de jure* of nearly five years and *de facto* of six years, and Arthur J. Dobrowolski, another brother, was appointed administrator of the estate of plaintiff's husband and dative testamentary executor of the deceased, Simon J. Dobrowolski. Arthur J. Dobrowolski was then made a defendant in this suit in both capacities.

The plaintiff was married to Benjamin F. Dobrowolski on June 4, 1940. It appears from the allegations of her petition that before and during her marriage she was postmistress and had a mail-carrying contract which netted her $120.00 per month. She had an income before and during her marriage from property she owned in East Baton Rouge Parish and in East Feliciana Parish amounting to approximately $130.00 a month. She also owned a small mercantile business which she continued to operate after her marriage under her separate administration and control, from which she derived an income of approximately $160.00 a month.

Plaintiff's husband, at the time of their marriage and thereafter, was engaged in farming and more particularly in buying, raising and selling cattle. He and his twin brother, Simon J. Dobrowolski, who operated a store in Ethel, had been conducting a cattle and farming business supposedly under a partnership for approximately 30 years, with plaintiff's husband in the actual charge, management and control thereof. All of the cattle were branded with the same brand, were fed together and were grazed on a 1500-acre tract, of which plaintiff's husband owned 450 acres (and had owned them prior to his marriage) and Simon J. Dobrowolski owned the remainder. The produce of the farm was mainly used as food for the cattle. It does not appear that the brothers ever kept books of the alleged partnership and to the time of Ben-

jamin's marriage they seemed satisfied to have operated on a "help-yourself" basis without an accounting between them.

Plaintiff contends that after her marriage she actively assisted her husband in the farming and cattle operations and engaged in the cattle buying and selling transactions; that during the marriage in the ordinary course of trade and also because the severe winter of 1940-41 decimated the then existing herd it was necessary to replace large numbers of cattle, and that she furnished the cash from time to time from her separate estate for this purpose; that there was a decided increase in the herd during the marriage and that at the time of her husband's death all of the cattle belonged to the community of acquets and gains (which was in existence for a period of some 23 months) and that these cattle did not constitute either her husband's separate property or the property of any alleged partnership that may have previously existed between the brothers.

The defendants, on the other hand, claim that the operations of the cattle and farm business by the brothers before the marriage continued on the same basis after the marriage and that the herd of cattle at the time of plaintiff's husband's death belonged jointly to his separate estate and to his twin brother, Simon J. Dobrowolski, and formed no part of the community existing between decedent and the plaintiff.

It is evident that, before deciding the issues presented, it is necessary to establish

the following: (1) the size of the herd at the marriage, the sales, the acquisitions, and the losses sustained, and what part of the separate funds of the wife were used in enlarging the herd, and (2) the size of the alleged joint herd at the death of petitioner's husband.

After a careful study of the record as made up, we find it to be most indefinite, incomplete and jumbled. The inventory does not show what is separate or community property (it was not approved and homologated); there is no formal accounting as to assets and liabilities; there are no statements or records pertaining to the alleged partnership or the interests of the partners therein; there is no proof as to the size of the herd of cattle at any specified time nor is there sufficient proof as to any cash advances, replacements or losses, or the claims of ownership by either the community, the separate estate, or the alleged partnership. Such evidence as there may be found of record concerning these vital points is so unsatisfactory, evasive and confusing that the true situation cannot possibly be established without the assistance of a specific accounting setting up the various segregations as to the separate, the joint, and the communitiy properties, as well as the assets and liabilities involved. The preparation of such a statement is not within the scope of this Court's functions and it may be that an accountant's services will be required. It is, therefore, our belief that justice will be better served by remanding the case for

the purpose of receiving such additional testimony and available documentary proof necessary to establish the claims herein. Article 906 of the Code of Practice and numerous cases in our jurisprudence authorize this course. To this end, we suggest that both counsel and litigants put forth a concentrated effort for the ascertainment of all of the facts herein and in this connection they should have the right to make the pertinent amendments to their pleadings.

The petition does disclose well-pleaded allegations sustaining a legal right or cause of action.

For the reasons assigned, the judgment of the district court dismissing plaintiff's suit is set aside and annulled and the case is remanded to the district court to be proceeded with according to law and consistent with the views herein expressed. Costs of this appeal to be borne equally by plaintiff and defendants; all other costs shall await the final determination of this litigation.